IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VERONICA GRINDS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. 2:17-cv-00119-WKW-WC |
| v. | ) |
| | ) |
| H & H Management, | ) |
| | ) |
| Defendant. | ) |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

On March 2, 2017, Plaintiff, appearing *pro se*, filed this suit regarding a slip and fall occurring on the premises of a Montgomery, Alabama, McDonald's operated by Defendant H & H Management ("H & H"). *See* Compl. (Doc. 1) at 1. Plaintiff lists Alabama addresses for both herself and for Defendant. *Id*. While Plaintiff requests relief for "medical bills (outstanding) paid" and "pain and suffering[,]" she does not declare the amount of the relief she requests. Along with the complaint, Plaintiff requested leave to proceed *in forma pauperis*. *See* (Doc. 2). On March 8, 2017, the District Judge entered an Order (Doc. 4) referring the case to the undersigned Magistrate Judge for "further proceedings and determination or recommendation as may be appropriate."

After a cursory review of Plaintiff's complaint, the undersigned determined that Plaintiff's complaint appeared to lack factual matter establishing this court's subject matter jurisdiction. Therefore, prior to determining whether Plaintiff was entitled to proceed *in forma pauperis*, the undersigned ordered Plaintiff to amend her complaint so that the

undersigned could examine whether this court had the requisite jurisdiction to hear her claim. Order (Doc. 5). In that order, the undersigned noted that Plaintiff had not alleged a claim under any federal law, nor had Plaintiff asserted facts that would give rise to diversity jurisdiction—*i.e.*, that the amount in controversy between the parties exceeds $75,000.00, and that the parties are geographically diverse. Therefore, the undersigned concluded that this court lacked jurisdiction to hear Plaintiff's claim, as stated, because Plaintiff had not alleged diversity jurisdiction or a federal question. Accordingly, the undersigned ordered Plaintiff to amend her complaint, on or before April 3, 2017, "to allege facts, if they exist, that would establish the court's jurisdiction to hear her claim." Doc. 5 at 3. Plaintiff was specifically warned that "**her failure to comply with this court order will result in the recommendation that her complaint be dismissed.**" *Id*. As of today, Plaintiff has not filed an amended complaint. Thus, because Plaintiff has failed to comply with the court's order and because this court lacks subject matter jurisdiction over Plaintiff's claim, for the reasons set forth more fully in the undersigned's order directing Plaintiff to amend (Doc. 5), Plaintiff's complaint should be dismissed.

For the foregoing reasons, it is the RECOMMENDATION of the undersigned Magistrate Judge that Plaintiff's Complaint (Doc. 1) be DISMISSED for lack of subject matter jurisdiction and for Plaintiff's failure to comply with court orders. It is

ORDERED that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is DENIED as MOOT. Further, it is

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation on or before **May 3, 2017**. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 19th day of April, 2017.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE